**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**
**May 13, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **L.T.**

**No. 23-159** (Jackson County CC-18-2015-JA-97)

## MEMORANDUM DECISION

Petitioner Mother J.T.[1] appeals the Circuit Court of Jackson County's February 13, 2023, order terminating her parental rights to L.T.,[2] arguing that she was not properly served with the second amended abuse and neglect petition, thus the circuit court erred in terminating her parental rights without having jurisdiction. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In July 2022, the maternal grandfather of L.T. filed a guardianship petition seeking to be named as guardian of the child. The guardianship petition alleged that the petitioner had abandoned the child and that the child was the subject of a 2015 abuse and neglect proceeding based on abandonment by the petitioner and the child's father. In the 2015 proceedings, the petitioner and the child's father were adjudicated as abusing parents. The petitioner successfully completed an improvement period, and the child was returned to her custody. The father's parental rights were terminated. The circuit court dismissed the matter and struck it from the docket. Then, on August 5, 2022, the circuit court issued an order consolidating the guardianship petition with the 2015 abuse and neglect case because the circuit court "retains exclusive jurisdiction over . . . changes in permanent placement[.]" *See* W. Va. R. P. Child Abuse & Neglect Proc. 6.

Importantly, the day *before* the consolidation order was entered, the circuit clerk entered an order of publication as notice to the petitioner of an abuse and neglect action against her and

---

[1] The petitioner appears by counsel Roger L. Lambert. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Joseph W. Hunter appears as the child's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

instructing her to respond by September 30, 2022. The order of publication was based upon an affidavit from the assistant prosecuting attorney who attested that the residence or whereabouts of the petitioner could not be ascertained despite due diligence. The order of publication circulated in the local paper for two consecutive weeks beginning on August 12, 2022. After circulation of the order of publication, on August 23, 2022, the DHS filed an amended abuse and neglect petition[3] based on new allegations of abandonment, specifically, that the petitioner had abandoned the child by failing to appear at the initial guardianship hearing instituted by the grandfather.[4] A status hearing was held on September 6, 2022. The petitioner did not appear but was represented by appointed counsel. The circuit court scheduled the adjudicatory hearing for September 30, 2022.

At the adjudicatory hearing, the petitioner did not appear but was represented by counsel. The circuit court took judicial notice that the petitioner was served by order of publication and, by order entered February 22, 2023, adjudicated the petitioner as an abusing and neglectful parent based on her abandonment of the child. In October 2022, the circuit court proceeded to disposition. The petitioner again did not appear but was represented by counsel. The circuit court found that the petitioner had not attended any hearings or otherwise participated in the case, and thus, there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. Accordingly, the circuit court terminated the petitioner's parental rights.[5] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the second amended petition was not properly served upon her because the order of publication was circulated in the newspaper before the second amended petition was filed. The petitioner contends that the improper service of the petition deprived the circuit court of jurisdiction to terminate her parental rights. We agree.

West Virginia Code § 49-4-601(e) provides that "[t]he petition and notice of the hearing shall be served upon both parents . . . giving . . . at least five days' actual notice of a preliminary hearing and at least ten days' notice of any other hearing." However, "[i]f *service cannot be obtained by personal service or by certified mail*," the statute permits the DHS to provide notice via publication. *Id.* § 49-4-601(e)(4) (emphasis added). This process was not followed as it is undisputed that no petition had been filed when the order of publication was entered. Without a petition, it was factually impossible for the DHS to first attempt personal service or to serve the petitioner by certified mail as the statute requires. *See In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 632 (2001) ("The Rules of Procedure for Child Abuse and Neglect Proceedings and the related statutes detailing fair, prompt, and thorough procedures for child abuse and neglect cases are not mere general guidance; rather, they are stated in mandatory terms and vest carefully

---

[3] This petition was titled "Second Amended Petition" as an amended petition was filed in April 2016 during the initial proceedings.

[4] The record is silent as to whether the petitioner was properly served with the petition for guardianship by the grandfather.

[5] The permanency plan for the child is adoption in his current placement.

2

described and circumscribed discretion in our courts, intended to protect the due process rights of the parents as well as the rights of the innocent children."). Therefore, it is apparent from the record that service by publication was premature and not achieved pursuant to the statute. Accordingly, the circuit court erred in not only terminating the petitioner's parental rights, but also adjudicating her because it did not have jurisdiction to do so. *See In re S.J.*, No. 19-0702, 2020 WL 3172863, at *6 (W. Va. June 15, 2020) (memorandum decision) ("Our case law is clear: a court that enters a judgment where there has been insufficient service of process is without jurisdiction to enter said judgment[.]" (quoting *Overfield v. Collins*, 199 W. Va. 27, 34 n.5, 483 S.E.2d 27, 34 n.5 (1996))).

For the foregoing reasons, we vacate the circuit court's February 22, 2023, adjudication order and February 13, 2023, termination order. We remand the matter with instructions for the circuit court to proceed with adjudication once proper service has been achieved. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: May 13, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn